<u>Order Form (01/2005)</u>

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1396 | **DATE** | MAR 10 2011 |
| **CASE TITLE** | Luther Washington (2008-0091352) vs. Superintendent Janice | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $1.67 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk is directed to issue summonses for all other defendants. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The United States Marshals Service is appointed to serve the defendants. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se plaintiff Luther Washington is a detainee at the Cook County Jail. He brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants were deliberately indifferent to his safety. Pending before the Court are plaintiff's motions for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for appointment of counsel. (Dkt. No. 4).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.67. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Turning to the initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A, plaintiff alleges

| STATEMENT |
|---|

that he was attacked by another detainee at the Jail on August 11, 2009. (Dkt. No. 1 at 4). The defendants allegedly took no action to prevent the attack. (*Id.*). Plaintiff told the defendants after the attack that he feared for his safety but the defendants allegedly took no action. (*Id.*). Plaintiff was assaulted a second time in October 2009. (*Id.*). He seeks monetary relief and improved conditions at the Jail.

Plaintiff's complaint sets forth a plausible claim that defendants were deliberately indifference to his safety needs. A claim of "deliberate indifference towards a prisoner's safety needs requires a showing that the inmate was incarcerated under conditions posing a substantial risk of serious harm, and a showing that individual prison officials had subjective knowledge of the risk of harm, which they personally disregarded." *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008) (citations omitted). Plaintiff alleges that he informed defendants of the risk to his safety and they failed to act to protect him. Plaintiff may proceed on his complaint.

The clerk shall issue summonses for service of the complaint on the defendants. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice. "There is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent plaintiff, this Court considers whether: (1) plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). This Court has discretion in determining whether to recruit counsel for a pro se plaintiff. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008) (quoting *Pruitt*, 503 F.3d at 655). Plaintiff has not taken any attempts to obtain his own counsel. He should contact at least three law firms and/or legal organizations and request representation. He should provide a copy of the letters that he receives from these firms and organizations addressing his counsel requests in a renewed motion for appointment of counsel to demonstrate

| STATEMENT |
|---|
| his efforts to obtain counsel.<br><br>     In summary, the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $1.67 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk is directed to issue summonses for all other defendants. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The United States Marshals Service is appointed to serve the defendants. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice. |